UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TROY WASHINGTON,

Plaintiff,

-v- No. 13CV8839-LTS-DCF

PEACE OFFICER DANIEL FLAHERTY,

Defendant.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

Plaintiff Troy Washington ("Plaintiff") brings this action against defendant Peace Officer Daniel Flaherty ("Defendant"), asserting federal constitutional claims pursuant to 42 U.S.C. section 1983 and state common law claims of false arrest and false imprisonment. Defendant is a State Peace Officer with the Roosevelt Island Operating Corporation of the State of New York ("RIOC"). The Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1367. Defendant has moved for summary judgment in his favor on all claims.

The Court has carefully reviewed the submissions of the parties. For the following reasons, Defendant's motion for summary judgment is granted in part and denied in part.

BACKGROUND

Plaintiff's remaining claims[1] arise from his arrest by Defendant on December 12,

[1] In his Complaint, Plaintiff asserted claims for malicious prosecution, excessive use of force, and negligent infliction of emotional harm. In his response to Defendant's motion for summary judgment, Plaintiff abandoned his claims other than those for "False Arrest and Imprisonment under both New York and Federal law." (Opp. Mem. at 2.) Summary judgment dismissing Plaintiff's abandoned claims will therefore be granted.

2013, and his detention in connection with that arrest. The fact and location of the arrest are undisputed; the parties' accounts of the circumstances and their own conduct differ in material respects. In short, Defendant, relying on his own affirmation and deposition testimony, and inferences drawn from the deposition testimony of an individual (Justus Burgos) whom Plaintiff identified as a person likely to have discoverable information that Plaintiff may use to support his claims, alleges that he approached Plaintiff and a group of companions outside of a deli on Roosevelt Island after receiving a telephone complaint of excessive noise. According to Defendant, he observed members of the group blocking the sidewalk and/or the deli entrance and making loud noise, and that he observed Plaintiff speaking loudly. Defendant alleges that other members of the group dispersed upon his instruction to do so, but that Plaintiff spoke back loudly and said that he would not move until he had used his cell phone, whereupon Defendant turned him around to cuff him, Plaintiff obstructed the effort by locking his arms against his chest, and Defendant eventually arrested him and placed him into handcuffs.

In his deposition testimony, Plaintiff alleged that he and his companions, who had been playing basketball at a local school, were neither making excessive noise nor blocking the sidewalk. Plaintiff denies yelling at Defendant and trying to use his cell phone. According to Plaintiff, he and his companions had not been outside of the deli for long enough for anyone to have telephoned in a complaint about them, and Defendant began to push Plaintiff and commenced arresting him only very shortly after instructing the group to disperse, although Plaintiff had said that he and his companions would leave right away.

It is undisputed that Plaintiff was taken to the Roosevelt Island security office, and thereafter to the 114th Precinct and to Manhattan Central Booking, where he was held overnight, and was then arraigned on charges of disorderly conduct, resisting arrest, and

obstructing governmental administration. It is also undisputed that, at a hearing the following month, the charges were adjourned in contemplation of dismissal.

It is undisputed that there is no record in the Roosevelt Island security force incident log of a noise complaint regarding Plaintiff's group prior to Defendant's encounter with the group.

DISCUSSION

Summary judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court performs the "threshold inquiry" as to whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson, 477 U.S. at 250. "[A]ll ambiguities must be resolved and all inferences drawn in favor of the party against whom summary judgment is sought." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).

Defendant asserts that the undisputed facts show that he had probable cause to arrest Plaintiff. "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007). "[S]ummary judgment dismissing a plaintiff's false arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable." Jenkins v.

City of New York, 478 F.3d 76, 88 (2d Cir. 2007). "If, however, on the undisputed facts the officer would be unreasonable in concluding probable cause existed, or if the officer's reasonableness depends on material issues of fact, then summary judgment is inappropriate for both New York and federal false arrest claims." Id.[2] See also Searles v. Pompilio, 652 F. Supp. 2d 432, 440 (S.D.N.Y. 2009) (denying defendant police officer's motion for summary judgment because material issues of fact prevented the court from ruling as a matter of law that defendant had probable cause to arrest plaintiff).

Defendant also asserts a qualified immunity defense on the ground that Defendant had arguable probable cause to arrest Plaintiff. "Under federal law, a police officer is entitled to qualified immunity where (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." Jenkins, 478 F.3d at 87 (internal citations and quotation marks omitted). Thus, even if the undisputed material facts do not demonstrate that the arresting officer had probable cause to make the arrest, the Court may nonetheless find that the officer is entitled to qualified immunity if he can establish that the undisputed material facts demonstrate that the officer had "arguable probable cause" to arrest the plaintiff. See Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).[3]

---

[2] In Jenkins v. City of New York, 478 F.3d 76 (2d. Cir. 2007), the Second Circuit, in vacating the portion of the district court's judgment dismissing plaintiff's pre-lineup false arrest claim, found that the district court had improperly construed a material disputed fact in favor of defendants when conducting its probable cause analysis with respect to the pre-lineup false arrest claim. "On the defendants' motion for summary judgment, the district court was obligated to construe this factual ambiguity in Jenkins' favor." Id. at 89.

[3] "Arguable probable cause exists 'if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable

"Although a conclusion that the defendant official's conduct was objectively reasonable as a matter of law may be appropriate where there is no dispute as to the material historical facts . . . if there is such a dispute, the factual questions must be resolved by the factfinder." Kerman v. City of New York, 374 F.3d 93, 109 (2d Cir. 2004) (collection of cases).

Here, Defendant does not dispute that there is a clearly established right of protection against false imprisonment, but he contends that there was at least arguable probable cause to arrest Plaintiff. (Deft. Mot. at 13).

Genuine disputes as to issues of material fact, however, preclude the grant of summary judgment in Defendant's favor on the basis of probable cause, whether on the merits or on qualified immunity grounds. Plaintiff's account of the events leading up to the arrest and the circumstances of the arrest differs from Defendant's as to the timetable, whether Plaintiff or any other member of his group was making excessive noise or acting in a disruptive manner, and as to Plaintiff's statements and actions in response to Defendant's instruction to disperse. Defendant's effort to find preclusive corroboration of his account in Burgos' testimony fails because Defendant's reading of Burgos' account is based on inferences rather than specific testimony as to material matters, including whether Plaintiff sought to delay Defendant by using a cell phone, and because Plaintiff is not bound in any event by Burgos' testimony. Plaintiff complied with the initial disclosure requirement imposed by the Federal Rules of Civil Procedure when he identified Burgos as a potential witness. He did not adopt Burgos' testimony in so doing. Cf. Fed. R. Evid. 607 ("Any party, including the party that called the witness, may attack the witness's credibility."). Even the question of whether there was, or could have been,

competence could disagree on whether the probable cause test was met.'" Escalera, 361 F.3d 737, 743 (2d Cir. 2004) (quoting Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991)).

an advance third-party noise complaint is disputed; the only evidence of such a complaint consists of Defendant's own statement. Taking Plaintiff's account as true and drawing all inferences in his favor, as the Court must do in determining whether summary judgment is warranted, a rational finder of fact could determine that Defendant lacked even arguable probable cause to arrest Plaintiff.[1]

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is denied as to Plaintiff's federal and state law false arrest and imprisonment claims, and is granted in all other respects.

This Memorandum Order resolves docket entry no. 21.

---

[1] Denial of Defendant's motion is appropriate for the further reason that Defendant's Local Rule 56.1 Statement of Material Facts on Motion for Summary Judgment is deficient, as it fails to follow each statement by citation to evidence which would be admissible, pursuant to Local Civil Rule 56.1(d). This deficiency is an independent reason to deny Defendant's motion in its entirety. See, e.g., Suares v. Cityscape Tours, Inc., No. 14CV1561, 2015 WL 921754 (2d Cir. Mar. 5, 2015) (affirming district court's denial of plaintiff's motion for summary judgment for failure to comply with Local Rule 56.1, specifically for failure to provide citation to evidence as required by Rule 56.1(d)); Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules").

The Final Pretrial Conference in this case is adjourned to **July 24, 2015, at 11:00 a.m. in Courtroom 12D**. The parties are directed to meet promptly with Magistrate Judge Freeman for settlement purposes, and to confer with each other and make submissions in advance of the Final Pretrial Conference as required by the Pretrial Scheduling Order (docket entry no. 14).

SO ORDERED.

Dated: New York, New York
May 27, 2015

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge